UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.J. REYNOLDS TOBACCO COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE-KING COUNTY DEPARTMENT OF HEALTH, *et al.*,<br><br>Defendants. | CASE NO. C06-1506RSM<br><br>ORDER DENYING MOTION TO INTERVENE AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

## **I. INTRODUCTION**

This matter comes before the Court on plaintiff's Motion for Summary Judgment and the State of Washington's related Motion to Intervene. (Dkts. #12 and #24). Plaintiff argues that the Federal Cigarette Labeling and Advertising Act ("FCLAA"), 15 U.S.C. § 1331, *et seq.*, preempts King County Board of Health Code ("BHC") § 19.04.115 and Seattle Municipal Code ("SMC") § 6.240.120 as applied to cigarettes. Defendants respond that the plain language of the FCLAA applies only to advertising and promotion, and argue that the codes at issue only regulate how cigarettes themselves are distributed, so they are not preempted by the Act.

The State of Washington has asked to intervene in order to enforce a provision of the Master Settlement Agreement which previously resolved numerous claims against tobacco

ORDER
PAGE - 1

companies that had been brought by the attorneys general in 46 states, including Washington State.

For the reasons set forth below, the Court DENIES the State of Washington's Motion to Intervene and GRANTS plaintiff's motion for summary judgment.

## II.  DISCUSSION.

### A.  Background

Plaintiff has brought this action seeking a declaration that the aforementioned county and city codes are preempted by the FCLAA as applied to cigarettes. Plaintiff desires to promote its cigarettes to adult smokers in Seattle-King County by distributing free samples to adults in places where minors are not allowed. The challenged codes prohibit the distribution of free cigarettes and other tobacco samples in Seattle-King County.

On August 24, 2006, the Honorable Franklin D. Burgess, United States District Judge in the Tacoma division of this Court, granted summary judgment in favor of plaintiff in an identical preemption challenge to a Washington state law banning cigarette sampling. Plaintiff then filed an action in this Court, and the instant motion for summary judgment followed. The State of Washington has since moved to intervene.

### B.  Motion to Intervene

As an initial matter, the Court addresses the State of Washington's Motion to Intervene. (Dkt. #24). The State explains that it brings the motion "to enforce Section V of the [Master Settlement Agreement] MSA which prohibits RJR from initiating facial challenges to tobacco control ordinances enacted prior to June 1, 1998." (Dkt. #24 at 3). For that reason, the State argues that it has a significant protectable interest in the subject of this action, and therefore it should be allowed to intervene as a matter of right. The Court is not persuaded.

As plaintiff points out, this action presents an as-applied challenge to the codes at issue, not a facial challenge. The State recognized as much in its complaint filed in its related MSA enforcement action in state court. In that complaint the State acknowledged that, in this action,

ORDER
PAGE - 2

1  plaintiff seeks a request for a declaration that the codes at issue are preempted *insofar as they*
2  *prohibit cigarette sampling*. (*See* Dkt. #30, Ex. 1). That statement clearly describes an as-applied
3  challenge. Thus, the Court agrees that this action does not appear to implicate a protectable interest
4  of the state, and declines to grant intervention as of right.
5        The State has also asked that, in the alternative, the Court stay the resolution of these
6  proceedings until the related MSA dispute has been resolved in state court. Specifically, the State
7  argues that a stay should be issued based on the *Pullman* doctrine, which allows for a stay in cases
8  where a federal constitutional issue might be mooted or altered based on the state court decision.
9  *See C-Y Development Co. v. Redlands*, 703 F.2d 375, 377 (9th Cir. 1983). Again, the Court is not
10 persuaded. The Ninth Circuit Court of Appeals has made clear that the *Pullman* doctrine does not
11 apply to preemption claims "because preemption is not a constitutional issue." *Hotel Employees &*
12 *Rest. Employees Int'l Union v. Nev. Gaming Comm'n*, 984 F.2d 1507, 1512 (9th Cir. 1993).
13 Accordingly, the Court finds no basis to stay the current action, and now turns to plaintiff's motion
14 for summary judgment.

15      **C. Preemption By FCLAA**

16         *1. Summary Judgment Standard*

17       Summary judgment is proper where "the pleadings, depositions, answers to interrogatories,
18 and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to
19 any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ.
20 P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). The Court must draw all
21 reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969
22 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has
23 the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*,
24 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact
25 exists, no longer precludes the use of summary judgment. *See California Architectural Bldg.*
26

ORDER
PAGE - 3

*Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

### 2. The FCLAA

The FCLAA is "a comprehensive federal scheme governing the advertising and promotion of cigarettes." *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 541 (2001). Enacted in 1965, and amended in 1969 and 1984, the FCLAA is the federal act that requires cigarette packages and cigarette advertisements to carry specified health warnings and bans cigarette advertising on television or radio. *See* 15 U.S.C. § § 1333 and 1335. Congress also barred states from imposing additional health warning requirements on cigarette packages or from regulating cigarette advertising or promotion, in an effort to avoid "diverse, nonuniform, and confusing cigarette labeling and advertising regulations." 15 U.S.C. § 1331; *see* 15 U.S.C. § 1334 ("No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this Act"). Both King County and Seattle are included in the term "State" under the Act. 15 U.S.C. § 1332(3).

ORDER
PAGE - 4

BHC § 19.04.115 provides:

> Giving away tobacco and tobacco products is prohibited. No retailer shall give away tobacco or tobacco products to any person. No person shall give away or offer to give away tobacco products to any person.

SMC § 6.240.120 provides:

> No person shall, on behalf of a tobacco product retailer, distributor, or manufacturer, or any person or entity having an interest in a tobacco product vending machine, give away or distribute, or employ another to give away or distribute, any sample of any tobacco product to the general public. Each item given away shall constitute a separate infraction.

The question this Court must answer is whether cigarette sampling, or giveaways, is "promotion" under the FCLAA. The Court answers that question in the affirmative.

Three federal courts, including this one, have already determined that cigarette sampling is a form of promotion, and, therefore, state laws regulating such sampling are prohibited. *R.J. Reynolds Tobacco Co. v.* McKenna, 445 F. Supp.2d 1252 (W.D. Wash. 2006); *Jones v. Vilsack*, 272 F.3d 1030 (8th Cir. 2001); *Rockwood v. City of Burlington*, 21 F. Supp.2d 411 (D. Vt. 1998). In *Jones*, the Eighth Circuit Court of Appeals concluded that sampling "naturally falls within the range of meaning ordinarily attributed to the term 'promotion,'" so sampling is a form of cigarette "promotion" under the FCLAA. *Jones*, 272 F.3d at 1035-37. Similarly, the United States District Court for the District of Vermont concluded that a ban on sampling cigarettes fell into the purview of the FCLAA and was therefore preempted. *Rockwood*, 21 F. Supp.2d at 420. This Court was persuaded by those conclusions, and also determined that cigarette sampling is a form of "promotion" under the FCLAA. *McKenna*, 445 F. Supp.2d at 1257.

Defendants ask this Court to reject the reasoning of *McKenna, Jones* and *Rockwood* because the courts ignored the presumption against preemption of traditional state police power regulations and neglected to consider the FCLAA's contextual framework to determine the preemptive scope of section 1334(b). However, this Court is not persuaded by defendants' arguments. First, this Court agrees that the plain and ordinary meaning of "promotion" includes

product sampling. While defendants take issue with Judge Burgess's and the Eighth Circuit's reliance on dictionary definitions of promotion, the reliance on such definitions is standard practice. *See, e.g., United States v. Mohrbacher*, 182 F.3d 1041, 1048 (9th Cir. 1999) (explaining that when there is no indication that Congress intended a specific legal meaning for the term, the court may look to sources such as dictionaries for a definition). Likewise, there is no clearly expressed intent in the legislative history contrary to that meaning. *See S&M Inv. Co. v. Tahoe Regional Planning Agency*, 911 F.2d 324, 327 (9th Cir. 1990).

Second, the Court finds no fault with relying on reports issued by the Federal Trade Commission which describe the promotion of cigarettes as including the distribution of cigarette samples. Indeed, in *Lorillard*, the United States Supreme Court relied on the same FTC reports as discussed in *Jones* and *McKenna*. *See Lorillard*, 533 U.S. at 545.

Third, this Court is not persuaded that including sampling in the plain meaning of "promotion" is contrary to the purpose of the FCLAA. As Judge Burgess explained, "allowing individual states to regulate sampling could lead to diverse, nonuniform and confusing regulations governing the promotion of cigarettes in contradiction to the express purpose of the preemption provisions of the FCLAA." *McKenna*, 445 F. Supp.2d at 1258.

Furthermore, the Court rejects defendants' argument that subsequent federal legislation compels the Court to disregard the plain language of the FCLAA. The fact that Congress decided to ban cigarette sampling on federal property, and has encouraged states to enact laws prohibiting the sale or distribution of cigarettes to minors, does not mean that Congress also meant to repeal or partially repeal any provision of the FCLAA. *See Lorillard*, 533 U.S. at 552 (emphasizing that the FCLAA does not preempt state laws prohibiting cigarette distribution to minors).

Finally, this Court is not persuaded by the analysis of the Supreme Court of California in *Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal.4th 707, 124 P.3d 408 (2005), wherein the court determined that the FCLAA does not preempt state regulation of the distribution of cigarettes for

promotional purposes. Like Judge Burgess, this Court believes the California court ignored the plain language of the FCLAA, and that the FCLAA adequately addresses the remainder of the court's concerns with respect to minors. *McKenna*, 445 F. Supp.2d at 1257-58.

Accordingly, for all of these reasons, the Court agrees that the FCLAA preempts BHC § 19.04.115 and SMC § 6.240.120 as applied to cigarettes.

### III. CONCLUSION

Having reviewed plaintiff's motion for summary judgment, defendants' response, plaintiff's reply, the State of Washington's motion to intervene, the responses and replies to that motion, the declarations and exhibits in support of all of the briefs, and the remainder of the record, the Court hereby ORDERS:

(1) The State of Washington's Motion to Intervene (Dkt. #24) is DENIED.

(2) Plaintiff's Motion for Summary Judgment (Dkt. #12) is GRANTED, and this case is DISMISSED.

(3) The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

DATED this _6_ day of February, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 7